UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNULFO ARELLANO GONZALEZ,<br><br>    Petitioner,<br><br>    v.<br><br>McADAMS, et al.,<br><br>    Respondents. | No.  2:14-cv-0884-JAM-EFB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

    Petitioner is a federal prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief.  Moreover, the Advisory Committee Notes to Rule 8 of the Rules Governing Section 2254 Cases indicate that the court may dismiss a petition for writ of habeas corpus on its own motion under Rule 4.  However, the court should not dismiss a petition without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

    Petitioner is an alien incarcerated at the Giles W. Dalby Correctional Institution.  He challenges an October 26, 2006 order of removal, from which he appealed to the Board of Immigration Appeals (BIA).  He states that the result of the appeal is unknown to him because he was deported.  ECF No. 1 at 2.  He claims that the immigration judge's order of removal violated

his constitutional rights, and that because he was deported before being notified of the BIA's decision, he was not allowed to file a motion for reconsideration or appeal the matter to the appropriate court of appeals. *See id.* at 31. He asks this court to "reverse the judgment of the Immigration Judge and remand with instructions that it grant the writ and return this matter to the agency so that [he] may submit an application for cancellation of removal in accordance with 8 U.S.C. [§] 1229(b)." *Id.* at 12.

Federal district courts lack jurisdiction to review matters related to removal proceedings. Instead, jurisdiction resides only in the circuit courts of appeals, which serve as the "the sole and exclusive means" of reviewing an order of removal. *See* 8 U.S.C. § 1252(a)(5) ("Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e)."[1]); *see also Rafaelano v. Wilson*, 471 F.3d 1091, 1095 (9th Cir. 2006). Accordingly, this court does not have jurisdiction to hear petitioner's claims and the petition must be dismissed. *See Puri v. Gonzales*, 464 F.3d 1038, 1041 (9th Cir. 2006).

Accordingly, it is hereby RECOMMENDED that the petition for writ of habeas corpus be dismissed for lack of subject matter jurisdiction and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file

---

[1] This subsection provides for limited review via habeas corpus of orders of removal issued with respect to certain aliens who have arrived in the United States, but who have not been granted formal entry. *See* 8 U.S.C. §§ 1252(e), 1225(b). Petitioner does not fall within this exception to § 1252(a)(5).

objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 30, 2014.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE